## No. 14,046.

CHARTER OAK STOVE AND RANGE COMPANY, LIMITED, ET ALS., VS. HENRY RICE & SON ET ALS.

### SYLLABUS.

*Held* upon the case, as presented, that goods ordered by the receiver of a mercantile establishment, but arriving after, the sale, in block, of said establishment, as a going concern; but not paid for, and not included in the appraisement, pursuant to which the sale was made, were not included in such sale.

APPEAL from the Civil District Court, Parish of Orleans—*Sommerville, J.*

*Gustave Lemle,* for A. Baldwin & Company, Limited, Plaintiff in Rule, Appellant.

*Dinkelspiel & Hart,* for George Fuchs, Receiver, Defendant in Rule, Appellee.

The opinion of the court was delivered by

MONROE, J. The business of the defendant firm was being conducted by a receiver, who, upon December 24th, 1900, presented a petition to the District Court, alleging that the further continuance of said business was useless, and that it was advisable to sell it; and suggesting that he "be authorized to carry on the business as heretofore until the actual delivery to the purchaser." And this petition was duly entered on the order book, there to remain for ten days, as required by Sec. 8 of Act No. 159 of 1898.

No opposition appears to have been filed to the application thus made, but no further action was taken by the receiver until March 28, 1901, when he filed a petition reciting the action already taken, and alleging that the creditors were of opinion that the property of the defendants in his hands as receiver and which he describes and praying for an order to that effect; and further praying that that of all sales " and collections from the date of this order, a separate account be " kept for the benefit of the purchaser of the business, to be turned " over to 'him by petitioner when final title is passed and delivery is " made; and that, up to the date of sale, petitioner be directed to abstain " from making any purchases for account of the business, except such as " may be absolutely necessary and essential," etc. And the order was made accordingly.

Upon the following day, the appointment of appraisers was suggested, and they were appointed. Upon April 2nd, the property was advertised to be sold, April 15, as follows:

" All and singular, the property of the firm of Henry Rice & Son, " and of Henry Rice and of Philip R. Rice, individual members of said " firm, now in the possession and control of George Fuchs, as receiver, " including merchandise, stock in trade, open accounts, and bills re- " ceivable and debts due said firm or the receiver; tools, fixtures, and " all appurtenances, of whatever description, of the business of said " firm and the receiver thereof, including the right of occupancy of the " premises * * *, without reservation or exception, whatever, in " one lot, and as a going and continuous business. All sales of mer- " chandise and all collections of open accounts or bills receivable or " other debts due said firm or the receiver, made after March 28, 1901, " up to, and including, the date of the confirmation of the sale and " delivery of possession, shall accrue to, and belong to, the purchaser."

Upon the same day that this advertisement was published and ap-

TERM OF 1901-1902. 79

Stove and Range Co., Ltd., et als. vs. Rice & Co. et als.

proved by the court, the receiver presented a petition alleging "that " previous to the order of sale herein rendered on March 28, 1901, peti- " tioner had ordered considerable goods for the business of the defend- " ants, but that some of said goods are not yet shipped, and others not " yet received, and petitioner believed that the orders for same can be " cancelled, and the goods held back or recalled. That this course is " for the interest of all the creditors and should be followed. Where- " fore petitioner prays to be authorized to cancel such orders, hereto- " fore given by him, concerning goods not yet received or shipped and " that may be recalled by the vendors, etc."

And the order was made, as prayed for. On April 9th, the appraisers made their appraisement and returned it into court, showing:

Merchandise and stock in trade.........................$42,200 00
Vehicles and live stock.................................  300 00
Tools, furniture and fixtures...........................  500 00
Open accounts and bills receivable...................... 20,500 00
Rights of occupancy.....................................  300 00

    Total .............................................$63,800 00

And the appraisement was approved by the court.

Upon April 16th, the receiver filed a petition, to which was annexed the *proces verbal* of the auctioneer, alleging that the sale had taken place on the preceding day, as advertised; that A. Baldwin & Co., Limited, had purchased the entire property, sold, for $45,000.00, and praying that said sale be confirmed, and that he be authorized to deliver said property, on payment of the balance of the price, and to permit the purchaser, in the meanwhile, to assort and arrange the goods; and the application was entered upon the order book.

The *proces verbal* annexed to this petition describes the property sold, in the language of the advertisement. Upon April 29th, the receiver filed a petition, alleging that more than ten days had elapsed since the filing of the petition for the confirmation of the sale and that no opposition had been filed, and praying that said sale be confirmed; and it was so ordered.

Thereafter, on May 22nd, A. Baldwin & Co., Limited, appeared, by rule, and, after reciting the various proceedings leading up to their purchase, and alleging the payment in full of the purchase price of the property, sold, they further alleged that the receiver, claiming that

certain property was not included in said purchase, refused to deliver the same unless the movers paid therefor an amount, over and above their bid, and that movers had made said payment, amounting to $2925.05, under protest; and they prayed that the receiver be ordered to show cause why he should not refund said amount.

There was no written return to this rule, but there was a hearing, upon which evidence was taken, and the rule was dismissed. And the movers have appealed.

The facts appear to be, that the amount claimed represents the invoice price of certain goods which had been ordered by the receiver at some time prior to the filing of the petition for the sale, and bills of lading for which were in his possession when the sale was made, but which did not reach New Orleans or actually come into his possession until afterwards. Mr. A. Baldwin, Jr., who represented the purchaser, testifies that he had been informed, prior to the sale, that goods had been ordered and were in transit; that, practically, all of the bills of lading had arrived; and that he counted upon the goods that were in transit as being included in the sale. On behalf of the receiver, it is shown that, in several instances, orders for goods had been countermanded where the goods had not been actually shipped, and that that course was not pursued with reference to the goods in question, because said goods were in transit at the time that the receiver undertook, under the authority of the court, to act in the premises, and could not be stopped. It is admitted that they were ordered before the order to sell was applied for, and were shipped before the sale took place. It does not appear to us, from the testimony, that the purchasers were informed of the character or value of any goods that had been ordered. or that were in transit, and it is not claimed that, apart from what they may have deduced, as a legal conclusion from the proceedings in the case, they had any reason to believe that they were buying any other tangible property than such as was in the actual possession of the receiver at the moment of the sale, nor is it alleged, or shown, that the property in question was included in the appraisement, nor could it, properly, have been so included. Under these circumstances, it could not have entered seriously into the calculation upon which the purchasers predicated their bid. Moreover, they were aware that they were dealing with a matter in court, the proceedings in which were open to their inspection, and which, for the purposes of this question, are to be taken as a whole. And it is to be presumed that they knew

that in the first petition filed by the receiver, after setting forth the necessity for selling the property, he alleged that he ought "to be authorized to carry on the business, as heretofore, until the actual delivery to the purchaser," and that this petition was the notice to all parties in interest which served as the basis for the subsequent orders. This being the case, the receiver retained his authority to conduct the business as he had theretofore conducted it, except in so far as that authority was specially modified or withdrawn; and, as he had theretofore conducted the business, he was certainly authorized to refuse to receive and sell goods which he had reason to know that he would be unable to pay for.

We are of the opinion that the judge *a quo* correctly decided the case, and his judgment is affirmed.